**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THE ESTATE OF WILLIAM C. BARNETT, | ) | |
| by and through his Administrator, ADRIAN | ) | |
| BARNETT, WILLIAM CHRISTOPHER | ) | |
| BARNETT, KAMYLLE MARIE BARNETT, | ) | |
| ADRIAN BARNETT, Mother and Legal | ) | |
| Guardian of WILLIAM CORNELIUS BARNETT, | ) | |
| a minor, and WILLIAM CENNEDY BARNETT, | ) | |
| a minor, | ) | |
| | ) | |
|     Plaintiffs, | ) | CIVIL ACTION: |
| | ) | |
| v. | ) | 1:21-cv-02890-TCB |
| | ) | |
| | ) | |
| NAPHCARE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

COME NOW Plaintiffs to hereby file this this Response to Defendant's

Motion to Dismiss Plaintiffs' Complaint.  Plaintiffs filed their Complaint to bring

charges against Defendant for violations of the laws of the state of Georgia

concerning negligence for medical malpractice for contributing to or causing the

death of William Barnett at the Fulton County Jail in July, 2019.

Plaintiffs have followed Georgia law in filing its Complaint which included filing an expert affidavit which details the negligence and causation by Defendant which led to the death of William Barnett.  For purposes of Defendants' Motion to Dismiss, Plaintiff's Complaint and the statements of their expert in his affidavit should be accepted as true.  Therefore, Defendants Motion to Dismiss should be denied.

Plaintiffs filed a prior case against Defendant Naphcare, Inc. and Fulton County, GA in federal court.  Judge Pannell dismissed the federal charges against Naphcare, Inc. and Fulton County, GA from that case, and then he declined to exercise supplemental jurisdiction over the remaining state law charges against Defendant Naphcare, Inc.  Plaintiffs then filed against Defendant Naphcare, Inc. in state court for the state law charges against Defendant Nsphcare, Inc.  Defendant Naphcare, Inc. removed the case to federal court on diversity grounds which led to the present case.  The third case Defendant refers to in their Motion is in Judge Totenberg's court.  Thar case involves claims pertaining to <u>federal law only</u> which is wholly separate from this present state law action.  The same set of facts can violate both federal law and state law, which can be adjudicated in federal court and state court separately.

## FACTS AND PROCEDURAL POSTURE

Only July 15, 2019, William Barnett was arrested for several misdemeanor charges, and booked into the Fulton County, GA jail. (Doc. 1 ¶ 7).  Prior to July 15, 2019, William Barnett was gainfully employed, and a devoted father of four children. (Doc. 1 ¶ 8).  Prior to July 15, 2019, William Barnett had no known history of cardiac issues or heart problems, and no history of alcoholism or substance abuse. (Doc. 1 ¶ 9).  On July 15, 2019, William Barnett's intake medical screening established that he was not suicidal, had no physical injuries and had no illegal substances in his body.  (Doc. 1 ¶ 10).  After the initial medical screening Mr. Barnett was placed in a regular jail cell. . (Doc. 1 ¶ 11).  On July 20, 2019, Mr. Barnett received a mental health evaluation in the jail, and he was moved to a different jail cell and placed on suicide watch. . (Doc. 4 ¶ 12).  On July 21, 2019, Mr. Barnett was found in his "suicide watch" jail cell, with injuries to his body. (Doc. 1 ¶ 13).  On July 21, 2019 Mr. Barnett was taken to Grady Hospital for treatment of his injuries.  (Doc. 1 ¶ 14).  Grady Hospital treated Mr. Barnett for his injuries.  Although a CT scan of his head showed no fractures, Mr. Barnett had an extremely low level of potassium in his blood. . (Doc. 1 ¶ 15).  On July 21, 2019, Grady Hospital discharged Mr. Barnett back to the Fulton County Jail with strict

instructions to monitor Mr. Barnett's potassium, head injury and psychiatry.  (Doc.

1 ¶ 16).  When Mr. Barnett returned to the Fulton County Jail on July 21, 2019, his

initial medical evaluation at the jail failed to note Mr. Barnett's low level of

potassium on the Grady Hospital discharge instructions.   (Doc. 1 ¶ 17).  On July

21, 2019, Mr. Barnett Mr. Barnett received no medical treatment from anyone at

the jail.  (Doc. 1 ¶ 19).   On the evening of July 22, 2019 William Barnett was

found unresponsive in his suicide watch jail cell.  (Doc. 1 ¶ 20).  An officer at the

jail finally noticed that Mr. Barnett was not moving.  He then called for a "Code

Blue." . (Doc. 1 ¶ 21).  CPR was then performed on Mr. Barnett in his jail cell until

EMS arrived.  (Doc. 1 ¶ 22).  Mr. Barnett was taken to Grady Hospital where he

was pronounced dead at 5:32pm, July 22, 2019.  (Doc. 1 ¶ 23).   The autopsy

results revealed that Mr. Barnett died due to "Probable cardiac arrhymia, due to

law potassium (Doc. 1 ¶ 24).  According to a medical expert hired by Plaintiffs the

low potassium in Mr. Barnett's blood, which was ignored by Defendants, caused or

contributed to Mr. William Barnett's death.  (Doc. 1 ¶ 25).  (Expert Report

attached as **Exhibit A**).

## I.     BARNETT 1

In Barnett 1, Judge Pannell dismissed the federal charges against Naphcare, Inc. because he ruled that a corporate defendant (Naphcare, Inc.) could not be held liable for federal law deliberate indifference.  Judge Pannell did not rule that jail employees could not be sued in their individual capacities for deliberate indifference.  Such a ruling would have been contrary to law.  Judge Pannell then declined to exercise supplemental jurisdiction over the remainder of the case involving medical malpractice against Naphcare, Inc. (Please see a copy of Judge Pannell's Order at **Exhibit B**).

## II.     BARNETT II

Plaintiffs chose not to appeal Judge Panell's order in Barnett I. Plaintiffs chose instead to file a separate action in federal court against the medical employees at the Fulton County Jail (Abnah Forbes and Julia Wilson, M.D.) for deliberate indifference.  Defendant is mistaken that Barnett II is identical to Barnett I.  In Barnett I, Naphcare, Inc. was dismissed because a corporation cannot be held liable for medical deliberate indifference, however individual jail employees can be held liable for deliberate indifference, hence to filing for Barnett II.   Accordingly,

Plaintiffs expect Defendants' pending Motion to Dismiss in <u>Barnett II</u> will be denied.

### III.   <u>BARNETT III</u>

The present case was initially filed in state court asserting medical malpractice against Defendant for causing or contributing to the death of William Barnett at the Fulton County Jail  (because Judge Panell refused to exercise supplemental jusridiction over the medical malpractice state law claims against Naphcare, Inc. in Barnett 1).  State law medical malpractice against Defendant Naphcare, Inc. is totally separate from <u>federal law</u> claims of deliberate indifference filed against the individuals in <u>BARNETT II</u>.  The sole reason this case is in federal court is because Defendant removed this case to federal court on diversity grounds.  However, this is a <u>state law</u> case.

### <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### I. Legal Standard

In ruling on Defendants' motion to dismiss, this Court must view Plaintiffs' Complaint in the light most favorable to the Plaintiffs. *Scheuer v. Rhodes,* 416

U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc.* v. *Long County,* Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).  This Court should liberally construe Plaintiffs' Complaint's allegations in the Plaintiffs' favor. *Jenkins* v. *McKeithen,* 395 U.S. 411, 421 (1969).  The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley* v. *Gibson,* 355 U.S. 41 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts, will not prevent dismissal." *Davila* v. *Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss, "Courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" U.S. v. *Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir.2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe* v.

*Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678,683 (11th Cir. 2001).   Instead,

the complaint need only "contain either direct or inferential allegations respecting

all the material elements necessary to sustain a recovery under some viable legal

theory." *Id.* (internal citation and quotations omitted).   "A complaint need not

specify in detail the precise theory giving rise to recovery.   All that is required is

that the defendant be on notice as to the claim being asserted against him and the

grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*,

866 F.2d 1380, 1384 (11th Cir. 1989).   A well-pleaded complaint may proceed even

if it strikes a savvy judge that actual proof of those facts is improbable, and that a

recovery is very remote and unlikely.   *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007).

Accordingly, since Plaintiffs have pled actual facts that Defendant can be

held liable for medical malpractice in the medical treatment of William Barnett,

Defendants' Motion to Dismiss should be denied.

## II. THE PRIOR CASES ARE NOT DUPCLITATIVE TO THIS CASE

Plaintiffs agree with Defendant that duplicative actions in federal courts are

prohibited. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800,

817 (1976).   However, this case is not duplicative.   Barnett II involves violations of

federal law for medical deliberate indifference, not state law medical malpractice. In <u>Barnett I</u> Judge Pannell declined to exercise supplemental jurisdiction over the medical malpractice case against Defendant Naphcare, Inc., so Plaintiff filed the case in state court.  Defendant's decision to remove the case to federal court does not make it duplicative litigation.  It is still a state law case.

## III.    PLAINTIFFS FILED A LEGALLY VALID CASE FOR MEDICAL MALPRACTICE AGAINST DEFENDANT IN STATE COURT

O.C.G.A. 51-1-27 provides for recovery for medical malpractice in Georgia. O.C.G.A. 51-2-2 provides that an employer can be held liable for negligent acts committed by its employees.  O.C.G.A. 9-11-9.1 requires an expert affidavit to accompany a charge alleging professional malpractice in Georgia which shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

Here, Plaintiffs filed a case in the state court alleging professional malpractice by the employees of Naphcare, Inc. which caused or contributed to the death of William Barnett at the Fulton County Jail in July 2019.  Plaintiffs attached to their Complaint an affidavit by Dr. Timothy Hughes which satisfied  O.C.G.A. 9-11-9.1. Accordingly, Defendant's Motion to Dismiss should be denied.

Plaintiffs take no issue with the Court considering the autopsy filed in this case

so long as the Court also considers the attached expert affidavit filed by Plaintiff's

expert.  Defendant's argument that Plaintiffs cannot prove proximate cause ignores

the autopsy and the expert affidavit filed by Plaintiffs with the Complaint.  The

autopsy clearly state that Mr. Barnett suffered from Hypokalemia or low

potassium.  Dr. Hughes clearly states in his affidavit that the Hypokalemia or low

potassium contributed to Mr. Barnett's death.  Moreover, proximate cause is a jury

question .  Manley v. Ford Motor Co., 17 F. Supp. 3d 1375, 1382 (N.D. Ga. 2014).

Therefore, even if this Court decides to convert Defendant's Motion to Dismiss to

a Motion for Summary Judgment, the Motion for Summary would fail because a

jury decides issues of proximate cause.  Defendant's argument that proximate

cause is lacking as a matter of law is contradicted by the Dr. Hughes' affidavit.

Even if the Court believes the conclusions of autopsy differ from Dr. Hughes'

expert affidavit, such a conclusion would present a classic factual dispute which is

in the province of a jury.  Id.  This case does not present a plain case in which

proximate cause or the injury is too remote for the law to countenance a recovery.

Id. citing Thomas v. Food Lion, LLC, 256 Ga. App. 880 (2002).  Accordingly,

Defendant's Motion to Dismiss, and any converted Motion for Summary Judgment should be denied.

### III. Conclusion

For these reasons, Defendant has failed to state adequate, legally founded reasons why their Motion to Dismiss should be granted.  Accordingly, Plaintiffs request that Defendant's Motion to Dismiss be denied.

This 9th day of August, 2021.

Respectfully Submitted,

/s/ Michael D. Harper
MICHAEL D. HARPER
Georgia Bar No. 328378
Attorney for THE ESTATE OF WILLIAM C.
BARNETT, by and through his Administrator, ADRIAN
BARNETT, WILLIAM CHRISTOPHERBARNETT,
KAMYLLE MARIE BARNETT, ADRIAN BARNETT,
Mother and Legal  Guardian of WILLIAM CORNELIUS
BARNETT, a minor, and WILLIAM CENNEDY
BARNETT, a minor.

Michael D. Harper, P.C.
3481 Lakeside Dr. NE, Suite 2406
Atlanta, GA 30326
Telephone: (404) 271-6618
Facsimile:  (404) 600-2146
Email: mharper@mharperlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing PLAINTIFFS' REPLY TO DEFENDANT'S MOTION DISMISS PLAINTIFFS' COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to the parties and/or attorneys of record.

This 9th day of August, 2021.

Respectfully Submitted,

/s/ Michael D. Harper
MICHAEL D. HARPER
Georgia Bar No. 328378
Attorney for The ESTATE OF WILLIAM C.
BARNETT, by and through his Administrator, ADRIAN
BARNETT, WILLIAM CHRISTOPHERBARNETT,
KAMYLLE MARIE BARNETT, ADRIAN BARNETT,
Mother and Legal  Guardian of WILLIAM CORNELIUS
BARNETT, WILLIAM CENNEDY BARNETT.

Michael D. Harper, P.C.
3481 Lakeside Dr. NE, Suite 2406
Atlanta, GA 30326
Telephone: (404) 271-6618
Email: mharper@mharperlaw.com